**PORZIO, BROMBERG & NEWMAN, P.C.**
100 Southgate Parkway
Post Office Box 1997
Morristown, New Jersey 07962-1997
(973) 538-4006
Kerri A. Wright, Esq.
kawright@pbnlaw.com
Kathryn K. Forman, Esq.
kkforman@pbnlaw.com
Attorneys for Defendant The Calais School

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| J.P.,<br><br>                              Plaintiff,<br><br>v.<br><br>THE CALAIS SCHOOL; JOHN DOE,<br>(a fictitious designation representing the<br>perpetrator); and DOES 1-10,<br><br>                              Defendants, | **DOCUMENT ELECTRONICALLY FILED**<br><br>Removed From:<br>Superior Court of New Jersey<br>Morris County – Law Division<br><br><br>**NOTICE OF REMOVAL** |

**TO:**   William T. Walsh, Clerk          Clerk, Law Division
         United States District Court     Superior Court of New Jersey
         50 Walnut Street                 Morris County Courthouse
         Newark, NJ 07102                 Washington & Court Street
                                          Morristown, NJ 07962

         Lara R. Lovett, Esq.
         Attorney ID: 029122001
         Jeff Herman, Esq.
         *Pending Application and Admission*
         **HERMAN LAW FIRM, P.A.**
         434 West 33rd Street, Penthouse
         New York, New York 10001
         *Attorney for Plaintiff*

6653405

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant The Calais School, by and through its attorneys, Porzio, Bromberg & Newman, P.C., hereby removes this action, Docket No. L-2322-21 from the Superior Court of New Jersey, Law Division, Morris County, to the United States District Court for the District of New Jersey. Removal is proper based upon diversity jurisdiction, as follows:

## A.      Nature of the Civil Action

1.      The Calais School ("Defendant"), is named as the defendant in the civil action entitled *J.P. v. The Calais School, et al.* filed in the Superior Court of New Jersey, Law Division, Morris County, bearing Docket No. L-2322-21.  Plaintiff J.P. ("Plaintiff") commenced this action by filing a complaint with the Clerk of the Superior Court of New Jersey, Law Division, Morris County, on November 5, 2021 and an Amended Complaint on November 24, 2021.  A true and correct copy of Plaintiff's Complaint is attached hereto as **Exhibit "A."**  A true and accurate copy of Plaintiff's Amended Complaint is attached hereto as **Exhibit "B."**

2.      This is an action in which Plaintiff claims that when he was a minor, he was sexually assaulted and abused by his teacher and scout leader. This is a revival action arising from alleged child sexual abuse brought pursuant to the N.J.S.A. 2A:14-2b.

## B.      Timing and Perfecting of Removal

3.      Defendant was served with the complaint on November 15, 2021. Plaintiff's Affidavit of Service is annexed hereto as **Exhibit "C."**

4.      This matter became removable pursuant to 28 U.S.C. §1446(b) on November 15, 2021, when Defendant was served with a copy of the complaint.  Accordingly, this Notice of Removal is in compliance with 28 U.S.C. §1446(b), as it is being filed within thirty (30) days of Defendant's receipt of a copy of the complaint.

6653405

5.      Pursuant to 28 U.S.C. §1446(a), the pleadings received by Defendant in this action are attached hereto as **Exhibits "A" and "B."**

6.      Upon filing of this Notice of Removal, this office shall promptly provide written notice thereof to the Clerk of the Superior Court of New Jersey, Law Division, Morris County, and counsel for plaintiff, Lara Lovett, Esq.  A copy of the Notice of Filing of a Notice of Removal to be filed with the Superior Court of New Jersey, Law Division, Morris County is attached hereto as **Exhibit "D."**

## C.      Diversity Jurisdiction

7.      According to the complaint, Plaintiff is a resident and citizen of the State of Florida.

8.      The Calais School is the only named Defendant, and is a state approved, private therapeutic special education school for students in grades K through 12 with a principal office located at 45 Highland Ave, Whippany, New Jersey.

9.      Plaintiff does not specifically state an amount of damages in his pleadings, however, in his complaint, she seeks to recover "compensatory damages, non-economic compensatory damages, punitive damages, interest, cost of suit, attorney's fees, equitable back pay, and equitable front pay."  It thus is apparent from the face of the complaint that the amount in controversy exceeds $75,000.00.

10.     Based on the facts set forth above, this Court has original jurisdiction over this action on the basis of diversity of citizenship, pursuant to 28 U.S.C. §1332.

11.     By virtue of the provision at 28 U.S.C. §1441(a), this entire matter is one that may be removed to this Court.

12.     Pursuant to 28 U.S.C. §1441(a), Defendant is removing the state action to the District of New Jersey because this Court "embrac[es] the place where such action is pending."

6653405

Venue is proper in the Newark Vicinage of the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. §§1391 and 1441.

13.     By filing this Notice of Removal of this civil action, Defendant does not waive any of its defenses, including, but not limited to, its right to move to dismiss this action pursuant to Rule 12 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant The Calais School hereby removes this civil action from the Superior Court of New Jersey, Law Division, Morris County, to the United States District Court for the District of New Jersey.

Respectfully submitted,

**PORZIO, BROMBERG & NEWMAN, P.C.**
*Attorneys for Defendant*
The Calais School
100 Southgate Parkway
Post Office Box 1997
Morristown, New Jersey  07962-1997
(973) 538-4006

By:     _____
                Kerri A. Wright

Dated:  December 15, 2021

# EXHIBIT A

Lara Lovett, Esq.
Attorney ID: 029122001
Jeff Herman, Esq.
*Pending Application*
**HERMAN LAW FIRM, P.A.**
434 West 33rd Street, Penthouse
New York, New York 10001
212-390-0100
llovett@hermanlaw.com
*Counsel for Plaintiff*

| | |
|---|---|
| J.P.,<br><br>                    *Plaintiff,*<br><br>vs.<br><br>THE CALAIS SCHOOL; and DOES 1-10,<br><br>                    *Defendants.* | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MORRIS COUNTY<br>DOCKET No.:<br><br>CIVIL ACTION<br><br>**COMPLAINT AND<br>JURY DEMAND** |

Plaintiff, J.P. by and through undersigned counsel, respectfully shows to this Court and alleges as follows:

## INTRODUCTION

This is a revival action arising from child sexual abuse brought pursuant to the N.J.S.A. 2A:14-2b. Plaintiff, when he was a minor, was sexually assaulted and abused by his teacher and scout leader.

## PARTIES, JURISDICTION AND VENUE

1.      Plaintiff, J.P., is a citizen and resident of the State of Florida.  Plaintiff brings this Complaint anonymously because of the sensitive nature of the allegations of child sexual abuse in the Complaint, which is a matter of the utmost intimacy.  Plaintiff fears embarrassment and further psychological damage if his identity as a victim of child sexual abuse were to become publicly known.

2.     Defendant, THE CALAIS SCHOOL (hereinafter, "SCHOOL") is a state approved, private therapeutic special education school for students in grades K through 12 with a principal office located at 45 Highland Ave, Whippany, New Jersey. Upon information and belief, at all relevant times, the SCHOOL was a Boy Scouts of America (hereinafter, "BOY SCOUTS") sponsoring organization. The youth-serving activities of BOY SCOUTS and the Troop/Pack in which Plaintiff participated were under the authority and control, and/or conducted on the premises of the SCHOOL.  Upon information and belief, the SCHOOL selected and maintained adult volunteer leaders, who were employees of the SCHOOL, and assigned them to its Troop/Pack.

3.     Defendant DOES 1-10 are persons or entities whose true names are unknown to Plaintiff. DOES 1-10 contracted for or otherwise undertook responsibilities for Plaintiff's safety, supervision and/or placement at the SCHOOL.

4.     At all times relevant and material hereto, the individual Plaintiff knew as "John" last name unknown (hereinafter identified as "JOHN"), was a teacher's assistant and/or teacher's aide at SCHOOL.  Due to Plaintiff's tender age and the trauma of child sexual abuse, Plaintiff cannot at this time recall the full name of JOHN with greater specificity.

5.     This Court has jurisdiction over this action as Defendants' principal places of business are in New Jersey and because the unlawful conduct complained of herein occurred in New Jersey.

6.     Venue is proper in Morris County pursuant to New Jersey Court Rule 4:3-2 because Morris County is the principal place of business of one or more Defendants.

## DUTY

7.      At all material times, SCHOOL and Plaintiff were in a special relationship of school-student, in which Defendant SCHOOL owed Plaintiff a duty of reasonable care to protect him from foreseeable harms on school grounds and during school-related activities.

8.      Defendant SCHOOL had a duty to act as a reasonably prudent parent would in the circumstances. In this regard, Defendant SCHOOL owed a duty *in loco parentis* to the Defendant's students, including Plaintiff.

9.      At all relevant times, SCHOOL and JOHN were in a special relationship of employer–employee, in which the Defendant owed a duty to control the acts and conduct of JOHN to prevent foreseeable harm.

10.     Defendant SCHOOL owed a duty to Plaintiff to use reasonable care to protect the safety, care, well-being and health of Plaintiff while he was under the care, custody or in the presence of JOHN.

11.     Defendant SCHOOL owed a duty to exercise reasonable care in the hiring, retention and supervision of JOHN.

12.     At all material times, Defendant SCHOOL owed a duty to use reasonable care to protect the health, safety, care, and well-being of the minor Plaintiff while he was under the care, custody or in the presence of the Defendant SCHOOL.  These duties encompassed the protection and supervision of Plaintiff, and otherwise providing a safe environment for Plaintiff while on school premises.

13.     The Defendant SCHOOL had a duty to exercise reasonable care in the training of employees, teachers, and coaches, including JOHN, in the prevention of sexual abuse and protection of the safety of students in their care.

3

14.     The Defendant SCHOOL had a duty to establish and implement policies and procedures in the exercise of reasonable care for the prevention of sexual abuse and protection of the safety of the students in their care.

15.     At all times relevant and material hereto, the SCHOOL had a duty to keep its premises safe, including from persons leading youth-serving activities on the premises whom the SCHOOL knew or should have known posed a risk of foreseeable harm to children.

16.     At all times relevant and material hereto, the SCHOOL had a duty to protect the safety and well-being of children invited on its premises for youth-serving activities.

17.     At all times relevant and material hereto, the SCHOOL as a youth-serving organization and Plaintiff as a child participating in activities undertaken by the SCHOOL were in a special relationship in which the SCHOOL owed a duty to Plaintiff to protect him from foreseeable harms.

18.     At all times relevant and material hereto, the SCHOOL had a duty to supervise, monitor and oversee the youth-serving activities conducted by BOY SCOUTS under and pursuant to its sponsorship.

19.     DOES 1-10 owed Plaintiff a duty to exercise reasonable care to protect Plaintiff from foreseeable harms, including sexual abuse, when he participated or engaged in boy scouts' activities.

## JOHN'S SEXUAL ASSAULTS OF PLAINTIFF

20.     At all times relevant and material hereto, Plaintiff was a student at SCHOOL and JOHN was a teacher's aide in Plaintiff's classroom.

4

21.     JOHN also served as the scouting troop/pack leader that Plaintiff participated in. The scouting troop/pack met on the premises of SCHOOL, during the last one (1) to two (2) periods of the school day.

22.     In approximately 1978 to 1980, when Plaintiff was approximately eleven (11) to thirteen (13) years old, JOHN sexually assaulted and abused Plaintiff on more than twenty (20) occasions.

23.     JOHN's sexual assaults and abuse of Plaintiff occurred before and after troop meetings; on the premises of the SCHOOL, in Plaintiff's classroom, and in JOHN's car.

24.     The acts of sexual assault and abuse of Plaintiff perpetrated by JOHN included, but were not limited to: kissing Plaintiff; masturbating Plaintiff; JOHN forcing Plaintiff to masturbate him; JOHN performing oral sex on Plaintiff; JOHN forcing Plaintiff to perform oral sex on him; and JOHN penetrating Plaintiff's anus with foreign objects.

25.     Prior to and during the course of the ongoing abuse, JOHN would engage in grooming behavior such as driving Plaintiff home from school, taking Plaintiff out for ice cream, and showing special interest in the well-being of the Plaintiff.

26.     Despite the foregoing, Defendants took no action to immediately protect Plaintiff, no investigation was conducted, and JOHN continued to sexually abuse and assault Plaintiff.

27.     The acts of sexual abuse and assault perpetrated by JOHN against Plaintiff included conduct which constitutes a sexual assault, any other crime of a sexual nature, a prohibited sexual act as defined in N.J.S.A. 2A:30B-2, and/or sexual abuse as defined in N.J.S.A. 2A:61B-1.

## NOTICE – FORESEEABILITY

28.     Upon information and belief, JOHN was at all relevant times a sexual predator who sexually abused boys while employed at SCHOOL.

5

29.     At all times relevant and material hereto, the Defendants knew or in the exercise of reasonable care should have known that JOHN had a propensity for the conduct which caused injury to Plaintiff, particularly that he had a propensity to engage in the sexual abuse of children.

30.     At all times relevant and material hereto, it was reasonably foreseeable to the Defendants that JOHN would commit acts of child sexual abuse or assault on children.

31.     At all times relevant and material hereto, the Defendants knew or should have known that JOHN was unfit, dangerous, and a threat to the health, safety and welfare of the minors entrusted to his custody, care and/or protection.

32.     With such actual or constructive knowledge, the Defendants' acts and omissions provided JOHN with the opportunity to commit foreseeable acts of child sexual abuse or assault on Plaintiff.

33.     Plaintiff was in a zone of foreseeable harm as a student with special needs placed by Defendants in close proximity with JOHN.

34.     The Defendants were in the best position to protect against the risk of harm as it knew of the systemic problem and foreseeable proclivities of its employees and agents to sexually abuse children.

35.     At all relevant times, while the Defendants had special and unique knowledge of the risk of child sexual abuse by employees, volunteers and agents, Plaintiff and his family were unaware of this risk.

36.     Plaintiff had no opportunity to protect himself against a danger that was within the knowledge of the Defendants.

6

37.     The Defendants knew or should have known that JOHN was using his status and position as a teacher's aide and cub scouts' leader to identify, recruit, groom and sexually assault vulnerable children, including plaintiff.

## **BREACH**

38.     During the time Plaintiff was sexually assaulted by JOHN, the Defendants knew or should have known that JOHN posed a foreseeable risk of sexual assault to children with whom he would have contact and opportunity.

39.     Defendants breached their duties by (i) failing to protect Plaintiff from sexual assaults and lewd and lascivious acts committed by their agent and/or employee; (ii) failing to establish policies and procedures that were adequate to protect the health, safety and welfare of children such as Plaintiff and protect them from sexual abuse; (iii) failing to implement and enforce policies and procedures that were adequate to protect the health, safety and welfare of children and protect them from sexual abuse; (iv) hiring, retaining and/or failing to supervise JOHN when it knew or should have known that he posed a substantial risk of harm to children; (v) failing to train adult leaders and staff in the prevention of child sexual abuse; and (vi) failing to adequately monitor and supervise SCHOOL and scouting activities and adult leaders' interactions with children, including those of JOHN.

40.     The Defendants concealed their knowledge that employees, volunteers and agents were unsafe.

41.     As a direct and proximate cause of the foregoing breaches of duty, JOHN sexually assaulted Plaintiff.

## NATURE OF CONDUCT ALLEGED

42.     This action alleges physical, psychological and emotional injuries suffered as a result of commission of a sexual assault, any other crime of a sexual nature, a prohibited sexual act of defined in N.J.S.A. 2A:30B-2, and/or sexual abuse as defined in N.J.S.A. 2A:61B-1.

43.     Defendant caused damage to Plaintiff by willful, wanton or grossly negligent act(s) of commission or omission. Accordingly, Defendant is not entitled to immunity in this action pursuant to N.J.S.A. 2A:53-7.

44.     At all relevant times, Plaintiff was a person under the age of 18 years, who was a beneficiary of the Defendant non-profit organizations. Accordingly, Defendants are not entitled to immunity in this action pursuant to N.J.S.A. 2A:53A-7. 4.

## CAUSES OF ACTION

### COUNT I – NEGLIGENCE
**(Against Defendant SCHOOL)**

45.      Plaintiff repeats and realleges Paragraphs 1 through 44 above.

46.     Defendant SCHOOL was negligent.

47.     Defendant SCHOOL owed a duty of care to Plaintiff.

48.     Defendant SCHOOL breached the duty of care owed to Plaintiff.

49.     Defendant SCHOOL had actual or constructive notice that Plaintiff was being sexually abused and failed to protect Plaintiff or otherwise make it safe for Plaintiff. Plaintiff was sexually abused after Defendants SCHOOL knew or should have known that Plaintiff was being sexually abused on its premises.

50.     Defendant SCHOOL was negligent in the supervision of Plaintiff while he was in the care and control of JOHN as an employee of SCHOOL.

8

51.     It was reasonably foreseeable to Defendant SCHOOL that allowing JOHN unfettered access to children would result in sexual abuse of the same children.

52.     As a direct and proximate result of SCHOOL'S negligence, Plaintiff has suffered and continues to suffer severe and permanent psychological, emotional, and physical injuries, shame, humiliation, and the inability to lead a normal life.

53.     SCHOOL's acts, conduct and omissions show a reckless or willful disregard for the safety and well-being of Plaintiff and other children.

**WHEREFORE**, Plaintiff demands judgment against Defendant SCHOOL for compensatory damages, punitive damages, interest, attorney's fees, costs and such other and further relief as this Court deems proper.

## COUNT II – GROSS NEGLIGENCE
### (Against Defendant SCHOOL)

79.     Plaintiff repeats and realleges Paragraphs 1 through 78 above.

80.      Defendant's acts, conduct and omissions constitute a willful, wanton, or grossly negligent disregard for the safety and well-being of Plaintiff and other children.

81.     As a direct and proximate result of Defendant's aforementioned acts, conduct and omissions, Plaintiff has suffered and continues to suffer severe and permanent psychological, emotional and physical injuries, shame, humiliation and the inability to lead a normal life.

**WHEREFORE**, Plaintiff demands judgment against Defendant SCHOOL for compensatory damages, punitive damages, interest, attorney's fees, costs and such other and further relief as this Court deems proper.

<u>**COUNT III –NEGLIGENT HIRING, RETENTION, AND SUPERVISION**</u>
**(Against Defendant SCHOOL)**

82.     Plaintiff repeats and realleges Paragraphs 1 through 81 above.

83.     Defendant SCHOOL owed a duty to Plaintiff to use reasonable care to protect the safety, care, well-being and health of Plaintiff while he was participating in SCHOOL and during school-sponsored activities.  The Defendants' duties encompassed using reasonable care in the retention, supervision and hiring of JOHN.

84.     Defendant knew or had reason to know that JOHN was unfit, incompetent, dangerous, and a threat to the health, safety and welfare of the minors entrusted to Defendant's counsel, care and/or protection.

85.     Plaintiff's abuse took place on property controlled by the Defendants and was open and notorious to the Defendants.  Therefore, it was reasonably foreseeable to Defendants that JOHN would sexually assault and abuse Plaintiff.

86.     Defendants breached their aforementioned duties to Plaintiff by hiring and retaining JOHN and allowing him unfettered and unsupervised access to Plaintiff.

87.     Defendants' acts and conduct in hiring, retaining and failing to supervise JOHN constitutes negligence.

88.     As a direct and proximate result of Defendants' aforementioned acts or omissions, Plaintiff has suffered and continues to suffer severe and permanent psychological, emotional and physical injuries, shame, humiliation and the inability to lead a normal life.

**WHEREFORE**, Plaintiff demands judgment against Defendant SCHOOL for compensatory damages, punitive damages, interest, attorney's fees, costs and such other and further relief as this Court deems proper.

## COUNT IV – NEGLIGENCE
### (Against Defendants DOES 1-10)

89.     Plaintiff repeats and realleges Paragraphs 1 through 88 above.

90.     Defendants Does 1-10 was negligent.

91.     Defendants Does 1-10 owed a duty of care to Plaintiff.

92.     Defendants Does 1-10 breached the duty of care owed to Plaintiff.

93.     Defendants Does 1-10 had actual or constructive notice that Plaintiff was being sexually abused by JOHN and failed to protect Plaintiff or otherwise make it safe for Plaintiff. Plaintiff was sexually abused after Defendants Does 1-10 knew or should have known that Plaintiff was being sexually abused by JOHN.

94.     Defendants Does 1-10 were negligent in the supervision of Plaintiff while he was in the care and control of JOHN as an employee of Does 1-10.

95.     It was reasonably foreseeable to Defendants Does 1-10 that allowing JOHN unfettered access to children would result in sexual abuse of the same children.

96.     As a direct and proximate result of Does 1-10's negligence, Plaintiff has suffered and continues to suffer severe and permanent psychological, emotional, and physical injuries, shame, humiliation, and the inability to lead a normal life.

97.      Does 1-10 acts, conduct and omissions show a reckless or willful disregard for the safety and well-being of Plaintiff and other children.

**WHEREFORE**, Plaintiff demands judgment against Defendants Does 1-10 for compensatory damages, punitive damages, interest, attorney's fees, costs and such other and further relief as this Court deems proper.

11

## COUNT V – GROSS NEGLIGENCE
### (Against Defendants DOES 1-10)

98.     Plaintiff repeats and realleges Paragraphs 1 through 97 above.

99.     Defendant's acts, conduct and omissions constitute a willful, wanton, or grossly negligent disregard for the safety and well-being of Plaintiff and other children.

100.     As a direct and proximate result of Defendant's aforementioned acts, conduct and omissions, Plaintiff has suffered and continues to suffer severe and permanent psychological, emotional and physical injuries, shame, humiliation and the inability to lead a normal life.

**WHEREFORE**, Plaintiff demands judgment against Defendants DOES 1-10 for compensatory damages, punitive damages, interest, attorney's fees, costs and such other and further relief as this Court deems proper.

## COUNT VI –NEGLIGENT HIRING, RETENTION, AND SUPERVISION
### (Against Defendants DOES 1-10)

101.     Plaintiff repeats and realleges Paragraphs 1 through 100 above.

102.     Defendants Does 1-10 owed a duty to Plaintiff to use reasonable care to protect the safety, care, well-being and health of Plaintiff while he was participating in SCHOOL and in school-sponsored activities.  The Defendants' duties encompassed using reasonable care in the retention, supervision and hiring of JOHN.

103.     Defendant knew or had reason to know that JOHN was unfit, incompetent, dangerous, and a threat to the health, safety and welfare of the minors entrusted to Defendants' counsel, care and/or protection.

12

104.    Plaintiff's abuse took place on property controlled by the Defendants and was open and notorious to the Defendants.  Therefore, it was reasonably foreseeable to Defendants that JOHN would sexually assault and abuse Plaintiff.

105.    Defendants breached their aforementioned duties to Plaintiff by hiring and retaining JOHN and allowing him unfettered and unsupervised access to Plaintiff.

106.    Defendants' acts and conduct in hiring, retaining and failing to supervise JOHN constitutes negligence.

107.    As a direct and proximate result of Defendants' aforementioned acts or omissions, Plaintiff has suffered and continues to suffer severe and permanent psychological, emotional and physical injuries, shame, humiliation and the inability to lead a normal life.

**WHEREFORE**, Plaintiff demands judgment against Defendants DOES 1-10 for compensatory damages, punitive damages, interest, attorney's fees, costs and such other and further relief as this Court deems proper.

## DEMAND FOR JURY TRIAL

TAKE NOTICE THAT Plaintiff demands that the issues herein be tried by a jury and a jury trial in this action.

## DESIGNATION OF TRIAL COUNSEL

Lara Lovett, Esq. is designated as trial counsel in the above-captioned matter.

## DEMAND FOR DISCOVERY OF INSURANCE

Pursuant to R 4:10-2(b) demand is hereby made that you disclose to the undersigned, within 10 days, whether there are any insurance agreements or policies under which may person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. If

the answers is yes, attach a copy of each or in alternative state, under oath or certification (a) number; (b) name and address of insurer; (c) inception of expiration dates; (d) names and addresses of all persons insured thereunder; (e) personal injury limits; (f) property damage limits; (g) medical payment limits; (h) the name and address of person who has custody and possession thereof; (i) where and when each policy or agreement can be inspected and copied.

## CERTIFICATION PURSUANT TO R. 4:5-1

In accordance with Rule 4:5-1, I hereby certify to the best of my knowledge that the matter in controversy in this action is also the subject of a Proof of Claim that was filed in United States Bankruptcy Court against the Boys Scouts of America.

Dated: November 5, 2021

Respectfully submitted,
HERMAN LAW FIRM, P.A.

By: _Lara R. Lovett_
Lara R. Lovett, Esq.
Jeff Herman, Esq.
jherman@hermanlaw.com
*Counsel for Plaintiff*

14

# EXHIBIT B

Lara Lovett, Esq.
Attorney ID: 029122001
Jeff Herman, Esq.
*Pending Application*
**HERMAN LAW FIRM, P.A.**
434 West 33rd Street, Penthouse
New York, New York 10001
212-390-0100
llovett@hermanlaw.com
*Counsel for Plaintiff*

| | |
|---|---|
| J.P.,<br><br>*Plaintiff,*<br><br>vs.<br><br>THE CALAIS SCHOOL; JOHN DOE,<br>(a fictitious designation representing the<br>perpetrator); and  DOES 1-10,<br><br>*Defendants.* | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: MORRIS COUNTY<br>DOCKET No.: MRS-L-2322-21<br><br>CIVIL ACTION<br><br>**FIRST AMENDED COMPLAINT<br>AND JURY DEMAND** |

Plaintiff, J.P. by and through undersigned counsel, respectfully shows to this Court and alleges as follows:

## INTRODUCTION

This is a revival action arising from child sexual abuse brought pursuant to the N.J.S.A. 2A:14-2b. Plaintiff, when he was a minor, was sexually assaulted and abused by his teacher and scout leader.

## PARTIES, JURISDICTION AND VENUE

1.      Plaintiff, J.P., is a citizen and resident of the State of Florida.  Plaintiff brings this Complaint anonymously because of the sensitive nature of the allegations of child sexual abuse in the Complaint, which is a matter of the utmost intimacy.  Plaintiff fears embarrassment and further psychological damage if his identity as a victim of child sexual abuse were to become publicly known.

1

2.     Defendant, THE CALAIS SCHOOL (hereinafter, "SCHOOL") is a state approved, private therapeutic special education school for students in grades K through 12 with a principal office located at 45 Highland Ave, Whippany, New Jersey. Upon information and belief, at all relevant times, the SCHOOL was a Boy Scouts of America (hereinafter, "BOY SCOUTS") sponsoring organization. The youth-serving activities of BOY SCOUTS and the Troop/Pack in which Plaintiff participated were under the authority and control, and/or conducted on the premises of the SCHOOL.  Upon information and belief, the SCHOOL selected and maintained adult volunteer leaders, who were employees of the SCHOOL, and assigned them to its Troop/Pack.

3.     Defendant, JOHN DOE, is a fictitious designation representing the perpetrator of the abuse, an individual Plaintiff knew as "John" last name unknown (hereinafter identified as "PERPETRATOR").  At all times relevant and material hereto, PERPETRATOR was an employee and/or agent of the Defendants and worked at the SCHOOL.

4.     Defendant DOES 1-10 are persons or entities whose true names are unknown to Plaintiff. DOES 1-10 contracted for or otherwise undertook responsibilities for Plaintiff's safety, supervision and/or placement at the SCHOOL.

5.     This Court has jurisdiction over this action as Defendants' principal places of business are in New Jersey and because the unlawful conduct complained of herein occurred in New Jersey.

6.     Venue is proper in Morris County pursuant to New Jersey Court Rule 4:3-2 because Morris County is the principal place of business of one or more Defendants.

## DUTY

7.     At all material times, SCHOOL and Plaintiff were in a special relationship of school-student, in which Defendant SCHOOL owed Plaintiff a duty of reasonable care to protect him from foreseeable harms on school grounds and during school-related activities.

2

8.      Defendant SCHOOL had a duty to act as a reasonably prudent parent would in the circumstances. In this regard, Defendant SCHOOL owed a duty *in loco parentis* to the Defendant's students, including Plaintiff.

9.      At all relevant times, SCHOOL and PERPETRATOR were in a special relationship of employer–employee, in which the Defendant owed a duty to control the acts and conduct of PERPETRATOR to prevent foreseeable harm.

10.     Defendant SCHOOL owed a duty to Plaintiff to use reasonable care to protect the safety, care, well-being and health of Plaintiff while he was under the care, custody or in the presence of PERPETRATOR.

11.     Defendant SCHOOL owed a duty to exercise reasonable care in the hiring, retention and supervision of PERPETRATOR.

12.     At all material times, Defendant SCHOOL owed a duty to use reasonable care to protect the health, safety, care, and well-being of the minor Plaintiff while he was under the care, custody or in the presence of the Defendant SCHOOL.  These duties encompassed the protection and supervision of Plaintiff, and otherwise providing a safe environment for Plaintiff while on school premises.

13.     The Defendant SCHOOL had a duty to exercise reasonable care in the training of employees, teachers, and coaches, including PERPETRATOR, in the prevention of sexual abuse and protection of the safety of students in their care.

14.     The Defendant SCHOOL had a duty to establish and implement policies and procedures in the exercise of reasonable care for the prevention of sexual abuse and protection of the safety of the students in their care.

15.     At all times relevant and material hereto, the SCHOOL had a duty to keep its premises safe, including from persons leading youth-serving activities on the premises whom the SCHOOL knew or should have known posed a risk of foreseeable harm to children.

16.     At all times relevant and material hereto, the SCHOOL had a duty to protect the safety and well-being of children invited on its premises for youth-serving activities.

17.     At all times relevant and material hereto, the SCHOOL as a youth-serving organization and Plaintiff as a child participating in activities undertaken by the SCHOOL were in a special relationship in which the SCHOOL owed a duty to Plaintiff to protect him from foreseeable harms.

18.     At all times relevant and material hereto, the SCHOOL had a duty to supervise, monitor and oversee the youth-serving activities conducted by BOY SCOUTS under and pursuant to its sponsorship.

19.     DOES 1-10 owed Plaintiff a duty to exercise reasonable care to protect Plaintiff from foreseeable harms, including sexual abuse, when he participated or engaged in boy scouts' activities.

### PERPETRATOR'S SEXUAL ASSAULTS OF PLAINTIFF

20.     At all times relevant and material hereto, Plaintiff was a student at SCHOOL and PERPETRATOR was a teacher's aide in Plaintiff's classroom.

21.     PERPETRATOR also served as the scouting troop/pack leader that Plaintiff participated in. The scouting troop/pack met on the premises of SCHOOL, during the last one (1) to two (2) periods of the school day.

4

22.     In approximately 1978 to 1980, when Plaintiff was approximately eleven (11) to thirteen (13) years old, PERPETRATOR sexually assaulted and abused Plaintiff on more than twenty (20) occasions.

23.     PERPETRATOR's sexual assaults and abuse of Plaintiff occurred before and after troop meetings; on the premises of the SCHOOL, in Plaintiff's classroom, and in PERPETRATOR's car.

24.     The acts of sexual assault and abuse of Plaintiff perpetrated by PERPETRATOR included, but were not limited to: kissing Plaintiff; masturbating Plaintiff; PERPETRATOR forcing Plaintiff to masturbate him; PERPETRATOR performing oral sex on Plaintiff; PERPETRATOR forcing Plaintiff to perform oral sex on him; and PERPETRATOR penetrating Plaintiff's anus with foreign objects.

25.     Prior to and during the course of the ongoing abuse, PERPETRATOR would engage in grooming behavior such as driving Plaintiff home from school, taking Plaintiff out for ice cream, and showing special interest in the well-being of the Plaintiff.

26.     Despite the foregoing, Defendants took no action to immediately protect Plaintiff, no investigation was conducted, and PERPETRATOR continued to sexually abuse and assault Plaintiff.

27.     The acts of sexual abuse and assault perpetrated by PERPETRATOR against Plaintiff included conduct which constitutes a sexual assault, any other crime of a sexual nature, a prohibited sexual act as defined in N.J.S.A. 2A:30B-2, and/or sexual abuse as defined in N.J.S.A. 2A:61B-1.

## <u>NOTICE – FORESEEABILITY</u>

28.     Upon information and belief, PERPETRATOR was at all relevant times a sexual predator who sexually abused boys while employed at SCHOOL.

29.     At all times relevant and material hereto, the Defendants knew or in the exercise of reasonable care should have known that PERPETRATOR had a propensity for the conduct which caused injury to Plaintiff, particularly that he had a propensity to engage in the sexual abuse of children.

30.     At all times relevant and material hereto, it was reasonably foreseeable to the Defendants that PERPETRATOR would commit acts of child sexual abuse or assault on children.

31.     At all times relevant and material hereto, the Defendants knew or should have known that PERPETRATOR was unfit, dangerous, and a threat to the health, safety and welfare of the minors entrusted to his custody, care and/or protection.

32.     With such actual or constructive knowledge, the Defendants' acts and omissions provided PERPETRATOR with the opportunity to commit foreseeable acts of child sexual abuse or assault on Plaintiff.

33.     Plaintiff was in a zone of foreseeable harm as a student with special needs placed by Defendants in close proximity with PERPETRATOR.

34.     The Defendants were in the best position to protect against the risk of harm as it knew of the systemic problem and foreseeable proclivities of its employees and agents to sexually abuse children.

35.     At all relevant times, while the Defendants had special and unique knowledge of the risk of child sexual abuse by employees, volunteers and agents, Plaintiff and his family were unaware of this risk.

6

36.     Plaintiff had no opportunity to protect himself against a danger that was within the knowledge of the Defendants.

37.     The Defendants knew or should have known that PERPETRATOR was using his status and position as a teacher's aide and cub scouts' leader to identify, recruit, groom and sexually assault vulnerable children, including plaintiff.

## BREACH

38.     During the time Plaintiff was sexually assaulted by PERPETRATOR, the Defendants knew or should have known that PERPETRATOR posed a foreseeable risk of sexual assault to children with whom he would have contact and opportunity.

39.     Defendants breached their duties by (i) failing to protect Plaintiff from sexual assaults and lewd and lascivious acts committed by their agent and/or employee; (ii) failing to establish policies and procedures that were adequate to protect the health, safety and welfare of children such as Plaintiff and protect them from sexual abuse; (iii) failing to implement and enforce policies and procedures that were adequate to protect the health, safety and welfare of children and protect them from sexual abuse; (iv) hiring, retaining and/or failing to supervise PERPETRATOR when it knew or should have known that he posed a substantial risk of harm to children; (v) failing to train adult leaders and staff in the prevention of child sexual abuse; and (vi) failing to adequately monitor and supervise SCHOOL and scouting activities and adult leaders' interactions with children, including those of PERPETRATOR.

40.     The Defendants concealed their knowledge that employees, volunteers and agents were unsafe.

41.     As a direct and proximate cause of the foregoing breaches of duty, PERPETRATOR sexually assaulted Plaintiff.

## NATURE OF CONDUCT ALLEGED

42.     This action alleges physical, psychological and emotional injuries suffered as a result of commission of a sexual assault, any other crime of a sexual nature, a prohibited sexual act of defined in N.J.S.A. 2A:30B-2, and/or sexual abuse as defined in N.J.S.A. 2A:61B-1.

43.     Defendant caused damage to Plaintiff by willful, wanton or grossly negligent act(s) of commission or omission. Accordingly, Defendant is not entitled to immunity in this action pursuant to N.J.S.A. 2A:53-7.

44.     At all relevant times, Plaintiff was a person under the age of 18 years, who was a beneficiary of the Defendant non-profit organizations.  Accordingly, Defendants are not entitled to immunity in this action pursuant to N.J.S.A. 2A:53A-7. 4.

## CAUSES OF ACTION

### COUNT I – NEGLIGENCE
**(Against Defendant SCHOOL)**

45.      Plaintiff repeats and realleges Paragraphs 1 through 44 above.

46.     Defendant SCHOOL was negligent.

47.     Defendant SCHOOL owed a duty of care to Plaintiff.

48.     Defendant SCHOOL breached the duty of care owed to Plaintiff.

49.     Defendant SCHOOL had actual or constructive notice that Plaintiff was being sexually abused and failed to protect Plaintiff or otherwise make it safe for Plaintiff.  Plaintiff was sexually abused after Defendants SCHOOL knew or should have known that Plaintiff was being sexually abused on its premises.

50.     Defendant SCHOOL was negligent in the supervision of Plaintiff while he was in the care and control of PERPETRATOR as an employee of SCHOOL.

51.     It was reasonably foreseeable to Defendant SCHOOL that allowing PERPETRATOR unfettered access to children would result in sexual abuse of the same children.

52.     As a direct and proximate result of SCHOOL'S negligence, Plaintiff has suffered and continues to suffer severe and permanent psychological, emotional, and physical injuries, shame, humiliation, and the inability to lead a normal life.

53.     SCHOOL's acts, conduct and omissions show a reckless or willful disregard for the safety and well-being of Plaintiff and other children.

**WHEREFORE**, Plaintiff demands judgment against Defendant SCHOOL for compensatory damages, punitive damages, interest, attorney's fees, costs and such other and further relief as this Court deems proper.

## COUNT II – GROSS NEGLIGENCE
### (Against Defendant SCHOOL)

79.     Plaintiff repeats and realleges Paragraphs 1 through 78 above.

80.     Defendant's acts, conduct and omissions constitute a willful, wanton, or grossly negligent disregard for the safety and well-being of Plaintiff and other children.

81.     As a direct and proximate result of Defendant's aforementioned acts, conduct and omissions, Plaintiff has suffered and continues to suffer severe and permanent psychological, emotional and physical injuries, shame, humiliation and the inability to lead a normal life.

**WHEREFORE**, Plaintiff demands judgment against Defendant SCHOOL for compensatory damages, punitive damages, interest, attorney's fees, costs and such other and further relief as this Court deems proper.

## COUNT III –NEGLIGENT HIRING, RETENTION, AND SUPERVISION
### (Against Defendant SCHOOL)

82.     Plaintiff repeats and realleges Paragraphs 1 through 81 above.

83.     Defendant SCHOOL owed a duty to Plaintiff to use reasonable care to protect the safety, care, well-being and health of Plaintiff while he was participating in SCHOOL and during school-sponsored activities.  The Defendants' duties encompassed using reasonable care in the retention, supervision and hiring of PERPETRATOR.

84.     Defendant knew or had reason to know that PERPETRATOR was unfit, incompetent, dangerous, and a threat to the health, safety and welfare of the minors entrusted to Defendant's counsel, care and/or protection.

85.     Plaintiff's abuse took place on property controlled by the Defendants and was open and notorious to the Defendants.  Therefore, it was reasonably foreseeable to Defendants that PERPETRATOR would sexually assault and abuse Plaintiff.

86.     Defendants breached their aforementioned duties to Plaintiff by hiring and retaining PERPETRATOR and allowing him unfettered and unsupervised access to Plaintiff.

87.     Defendants' acts and conduct in hiring, retaining and failing to supervise PERPETRATOR constitutes negligence.

88.     As a direct and proximate result of Defendants' aforementioned acts or omissions, Plaintiff has suffered and continues to suffer severe and permanent psychological, emotional and physical injuries, shame, humiliation and the inability to lead a normal life.

**WHEREFORE**, Plaintiff demands judgment against Defendant SCHOOL for compensatory damages, punitive damages, interest, attorney's fees, costs and such other and further relief as this Court deems proper.

## COUNT IV – NEGLIGENCE
### (Against Defendants DOES 1-10)

89.     Plaintiff repeats and realleges Paragraphs 1 through 88 above.

90.     Defendants Does 1-10 was negligent.

91.     Defendants Does 1-10 owed a duty of care to Plaintiff.

92.     Defendants Does 1-10 breached the duty of care owed to Plaintiff.

93.     Defendants Does 1-10 had actual or constructive notice that Plaintiff was being sexually abused by PERPETRATOR and failed to protect Plaintiff or otherwise make it safe for Plaintiff.  Plaintiff was sexually abused after Defendants Does 1-10 knew or should have known that Plaintiff was being sexually abused by PERPETRATOR.

94.     Defendants Does 1-10 were negligent in the supervision of Plaintiff while he was in the care and control of PERPETRATOR as an employee of Does 1-10.

95.     It was reasonably foreseeable to Defendants Does 1-10 that allowing PERPETRATOR unfettered access to children would result in sexual abuse of the same children.

96.     As a direct and proximate result of Does 1-10's negligence, Plaintiff has suffered and continues to suffer severe and permanent psychological, emotional, and physical injuries, shame, humiliation, and the inability to lead a normal life.

97.      Does 1-10 acts, conduct and omissions show a reckless or willful disregard for the safety and well-being of Plaintiff and other children.

**WHEREFORE**, Plaintiff demands judgment against Defendants Does 1-10 for compensatory damages, punitive damages, interest, attorney's fees, costs and such other and further relief as this Court deems proper.

11

## COUNT V – GROSS NEGLIGENCE
### (Against Defendants DOES 1-10)

98.     Plaintiff repeats and realleges Paragraphs 1 through 97 above.

99.     Defendant's acts, conduct and omissions constitute a willful, wanton, or grossly negligent disregard for the safety and well-being of Plaintiff and other children.

100.     As a direct and proximate result of Defendant's aforementioned acts, conduct and omissions, Plaintiff has suffered and continues to suffer severe and permanent psychological, emotional and physical injuries, shame, humiliation and the inability to lead a normal life.

**WHEREFORE**, Plaintiff demands judgment against Defendants DOES 1-10 for compensatory damages, punitive damages, interest, attorney's fees, costs and such other and further relief as this Court deems proper.

## COUNT VI –NEGLIGENT HIRING, RETENTION, AND SUPERVISION
### (Against Defendants DOES 1-10)

101.     Plaintiff repeats and realleges Paragraphs 1 through 100 above.

102.     Defendants Does 1-10 owed a duty to Plaintiff to use reasonable care to protect the safety, care, well-being and health of Plaintiff while he was participating in SCHOOL and in school-sponsored activities.  The Defendants' duties encompassed using reasonable care in the retention, supervision and hiring of PERPETRATOR.

103.     Defendant knew or had reason to know that PERPETRATOR was unfit, incompetent, dangerous, and a threat to the health, safety and welfare of the minors entrusted to Defendants' counsel, care and/or protection.

12

104.    Plaintiff's abuse took place on property controlled by the Defendants and was open and notorious to the Defendants.  Therefore, it was reasonably foreseeable to Defendants that PERPETRATOR would sexually assault and abuse Plaintiff.

105.    Defendants breached their aforementioned duties to Plaintiff by hiring and retaining PERPETRATOR and allowing him unfettered and unsupervised access to Plaintiff.

106.    Defendants' acts and conduct in hiring, retaining and failing to supervise PERPETRATOR constitutes negligence.

107.    As a direct and proximate result of Defendants' aforementioned acts or omissions, Plaintiff has suffered and continues to suffer severe and permanent psychological, emotional and physical injuries, shame, humiliation and the inability to lead a normal life.

**WHEREFORE**, Plaintiff demands judgment against Defendants DOES 1-10 for compensatory damages, punitive damages, interest, attorney's fees, costs and such other and further relief as this Court deems proper.

### COUNT VII–ASSAULT AND BATTERY
(Against Defendant PERPETRATOR)

108.    Plaintiff repeats and realleges Paragraphs 1 through 107 above.

109.    Defendant PERPETRATOR intentionally touched Plaintiff.

110.    Said touching by Defendant PERPETRATOR was harmful and/or offensive, and without Plaintiff's consent.

111.    Defendant PERPETRATOR acted intending to cause a harmful or offensive contact with the person of Plaintiff, or an imminent apprehension of such contact.

112.    Plaintiff was in fact placed in imminent apprehension of such contact.

**WHEREFORE**, Plaintiff demands judgment against Defendant PERPETRATOR and the other Defendants jointly, concurrently, severally and individually for compensatory damages,

punitive damages, interest, attorney's fees, costs and such other and further relief as this Court deems just and equitable.

### **COUNT VIII–INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
(Against Defendant PERPETRATOR)

113.    Plaintiff repeats and realleges Paragraphs 1 through 112 above.

114.    Defendant PERPETRATOR engaged in intentional and outrageous conduct in his sexual abuse and assault of Plaintiff.

115.    Defendant PERPETRATOR acted intentionally and/or recklessly in deliberate disregard of the high degree of probability of the emotional distress that Plaintiff would suffer.

116.    Defendant PERPETRATOR knew that his sexual abuse and assault against Plaintiff would inflict severe emotional and psychological distress on Plaintiff.

117.    Plaintiff suffered severe emotional distress as a result of Defendant PERPETRATOR's sexual assault and abuse.

118.    As a direct and proximate result of PERPETRATOR's aforementioned acts, Plaintiff has suffered and continues to suffer severe and permanent psychological, emotional and physical injuries, shame, humiliation and the inability to lead a normal life.

**WHEREFORE**, Plaintiff demands judgment against Defendant PERPETRATOR and the other Defendants jointly, concurrently, severally and individually for compensatory damages, punitive damages, interest, attorney's fees, costs and such other and further relief as this Court deems just and equitable.

### **DEMAND FOR JURY TRIAL**

TAKE NOTICE THAT Plaintiff demands that the issues herein be tried by a jury and a jury trial in this action.

14

## DESIGNATION OF TRIAL COUNSEL

Lara Lovett, Esq. is designated as trial counsel in the above-captioned matter.

## DEMAND FOR DISCOVERY OF INSURANCE

Pursuant to R 4:10-2(b) demand is hereby made that you disclose to the undersigned, within 10 days, whether there are any insurance agreements or policies under which may person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. If the answers is yes, attach a copy of each or in alternative state, under oath or certification (a) number; (b) name and address of insurer; (c) inception of expiration dates; (d) names and addresses of all persons insured thereunder; (e) personal injury limits; (f) property damage limits; (g) medical payment limits; (h) the name and address of person who has custody and possession thereof; (i) where and when each policy or agreement can be inspected and copied.

## CERTIFICATION PURSUANT TO R. 4:5-1

In accordance with Rule 4:5-1, I hereby certify to the best of my knowledge that the matter in controversy in this action is also the subject of a Proof of Claim that was filed in United States Bankruptcy Court against the Boys Scouts of America.

Dated: November 24, 2021

Respectfully submitted,
HERMAN LAW FIRM, P.A.

By: _Lara R. Lovett_

Lara R. Lovett, Esq.
Jeff Herman, Esq.
jherman@hermanlaw.com
*Counsel for Plaintiff*

15

# EXHIBIT C

P5648985

J.P.
PLAINTIFF
- vs -
THE CALAIS SCHOOL, ETAL
DEFENDANT

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION MORRIS COUNTY
Docket No. MRS-L-2322-21

**Person to be Served**
THE CALAIS SCHOOL

45 HIGHLAND AVENUE

WHIPPANY, NJ 07981

**AFFIDAVIT OF SERVICE**
(For Use By Private Service)

**Papers Served:** CIVIL CASE INFORMATION STATEMENT, JURY DEMAND, SUMMONS AND COMPLAINT
**Service Data:**
Served Successfully **X**_ Not Served _____  Date: <u>11/15/2021</u> Time:_<u>1:04PM</u> Attempts: _____

____ Delivered a copy to him/her personally

____ Left a copy with a competent household member of over 14 years of age residing therein.

**X** Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc.

Name of person served and relationship / title:

<u>John Cohrs</u>

<u>PRINCIPAL</u>

**Description of Person Accepting Service:**

SEX: **MALE**    COLOR: **WHITE**    HAIR: **BROWN**    APP.AGE: **50**    APP. HT: **5'10**    APP. WT: **210**
OTHER:

**Comments Or Remarks:**

Sworn to before me this
18TH day of NOVEMBER, 2021

*Kendra Wolsky*

KENDRA M. WOLSKY
Notary Public, State of New Jersey
No. 2453882
Qualified in
Commission Expires 11/05/2025

I, PATRICK PERSICANO, was at the time of service a competent adult not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

_____
Signature of Process Server          Date

Client File Number:

PM Legal
219 South Street STE 102
New Providence, NJ 07974
908-897-0273
HERMAN LAW

# EXHIBIT D

**PORZIO, BROMBERG & NEWMAN, P.C.**
100 Southgate Parkway
Post Office Box 1997
Morristown, New Jersey 07962-1997
(973) 538-4006
Kerri A. Wright, Esq. (018042005)
kawright@pbnlaw.com
Kathryn K. Forman, Esq. (905392012)
kkforman@pbnlaw.com
Attorneys for Defendant The Calais School

**SUPERIOR COURT OF NEW JERSEY**
**MORRIS COUNTY – LAW DIVISION**

| | |
|---|---|
| J.P.,<br><br>       Plaintiff,<br><br>v.<br><br>THE CALAIS SCHOOL; JOHN DOE,<br>(a fictitious designation representing the<br>perpetrator); and DOES 1-10,<br><br>       Defendants, | DOCKET NO.: MRS-L-002322-21<br><br> Removed From:<br> Superior Court of New Jersey<br> Morris County – Law Division<br><br>**NOTICE TO STATE COURT OF FILING FOR**<br>**REMOVAL TO THE UNITED STATES**<br>**DISTRICT COURT FOR THE DISTRICT OF**<br>**NEW JERSEY** |

**To:**  Clerk, Law Division
    Superior Court of New Jersey
    Morris County Courthouse
    Washington & Court Street
    Morristown, NJ 07962

    Lara R. Lovett, Esq.
    Attorney ID: 029122001
    Jeff Herman, Esq.
    *Pending Application and Admission*
    **HERMAN LAW FIRM, P.A.**
    434 West 33rd Street, Penthouse
    New York, New York 10001
    *Attorney for Plaintiff*

1

SIR/MADAM:

**PLEASE TAKE NOTICE** that on December 15, 2021, Defendant The Calais School by and through its counsel, Porzio, Bromberg & Newman, P.C., and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, filed a Notice of Removal in the United States District Court for the District of New Jersey to remove the above-captioned action from the Superior Court of New Jersey, Law Division, Morris County, to the United States District Court for the District of New Jersey.

**PLEASE TAKE FURTHER NOTICE** that this Notice is provided pursuant to 28 U.S.C. §1446(d).  Accompanying this Notice is a copy of the Notice of Removal so filed.

**PORZIO, BROMBERG & NEWMAN, P.C.**
Attorneys for Defendant
The Calais School

BY: _____
Kerri A. Wright
An Attorney of the Firm

Dated:  December 15, 2021

2

6653423